## IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| REBECCA MELVAN, individually and on behalf of all others similarly situated, | No. 1:22-cv-02114 |
|           Plaintiff, | Honorable Harry D. Leinenweber |
|   v. | |
| GENERAL MILLS SALES, INC., | |
|           Defendant. | |

**DEFENDANT GENERAL MILLS SALES, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant General Mills Sales, Inc. ("General Mills") hereby moves, unopposed, for leave to file supplemental authority in support of its Motion to Dismiss Plaintiff's Complaint.

On January 12, 2023, Hon. Sharon J. Coleman issued a Memorandum Opinion and Order in *Hamidani v. Bimbo Bakehouse LLC*, 2023 WL 167513 (N.D. Ill.), a copy of which is attached hereto as **Exhibit A**. In the Opinion and Order, the Court granted Defendant Bimbo Bakehouse LLC's Motion to Dismiss and dismissed the complaint in its entirety with prejudice. *Id.* at *5. *Hamidani,* another consumer deception case brought by Plaintiff's counsel, involves similar allegations to those in this case and is directly relevant to General Mills' Motion to Dismiss.

Specifically, both cases involve the same core theory of deception—that the appearance and packaging of a product misled consumers to believe it contained an unspecified, larger amount of an ingredient even though that product undisputedly contained that ingredient.[1] *Id*. at *3. In *Hamidani*, the court addresses whether this a viable theory of deception under 7th Circuit law concluding that it is not. *Id.* Indeed, the court clarified that "[p]ackaging that merely depicts or asserts the presence of an ingredient typically cannot lead a reasonable consumer to conclude that the product contains a certain amount of that ingredient." *Id.*

---

[1] That ingredient in *Hamidani* was whole wheat flour. In this case, that ingredient is rye flour.

Because, as explained in the Motion to Dismiss, Plaintiff's entire Complaint hinges on the viability of this theory of deception, *Haimidani* is additional authority in support of General Mills' Motion. Therefore, General Mills respectfully moves for leave to file the attached as supplemental authority.

Prior to this filing, counsel for General Mills conferred with counsel for Plaintiff who confirmed that General Mills' Motion for Leave was unopposed.

Dated: January 23, 2023                              PERKINS COIE LLP


By: */s/ Charles C. Sipos*
Emily R. Craven, Bar No. 6332587
ECraven@perkinscoie.com
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
Telephone: 312.324.8400

Charles C. Sipos, *Pro Hac Vice*
CSipos@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: 206.359.8000

Attorneys for General Mills Sales, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I, Charles C. Sipos, certify that on January 23, 2023, at my direction the foregoing **Defendant's MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system, which effected service on the following attorneys:

Attorneys for the Putative Class.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Charles C. Sipos*
Charles C. Sipos

- 3 -