## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| REBECCA MELVAN, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GENERAL MILLS SALES, INC.,<br><br>　　　　　　Defendant. | No. 1:22-cv-02114<br><br>Honorable Harry D. Leinenweber |

### DEFENDANT GENERAL MILLS SALES, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant General Mills Sales, Inc. ("General Mills") hereby moves, unopposed, for leave to file supplemental authority in support of its Motion to Dismiss Plaintiff's Complaint.

On March 3, 2023, Hon. Manish S. Shah issued a Memorandum Opinion and Order in *Smith v. General Mills Sales Inc.*, 2023 WL 2349908 (N.D. Ill.), a copy of which is attached hereto as **Exhibit A**. In the Opinion and Order, the Court granted Defendant General Mills Sales, Inc.'s Motion to Dismiss. *Id.* at *1. *Smith,* another consumer deception case brought by Plaintiff's counsel, involves similar allegations to those in this case and is directly relevant to General Mills' Motion to Dismiss.

Specifically, both cases involve the same core theory of deception—that the appearance and packaging of a product misled consumers to believe it contained an unspecified, larger amount of an ingredient even though that product undisputedly contained that ingredient.[1] *Id*. at *2-*3. In *Smith*, the court addresses whether this a viable theory of deception under 7th Circuit law concluding that it is not. *Id.* at *4. Indeed, the court determined that plaintiff failed to adequately plead that a reasonable consumer would expect more traditional cheese than imitation cheese to be present in the product based on the "Cheese Naturally Flavored" label because she did not

---

[1] That ingredient in *Smith* was cheese. In this case, that ingredient is rye flour.

explain why "Naturally Flavored" would not dispel any expectation of predominantly real cheese the reasonable consumer may have. *Id*

Because, as explained in the Motion to Dismiss, Plaintiff's entire Complaint hinges on the viability of this theory of deception, *Smith* is additional authority in support of General Mills' Motion. Therefore, General Mills respectfully moves for leave to file the attached as supplemental authority.

Prior to this filing, counsel for General Mills conferred with counsel for Plaintiff who confirmed that General Mills' Motion for Leave was unopposed.

Dated: March 8, 2023					PERKINS COIE LLP


By: */s/ Emily R. Craven*
Emily R. Craven, Bar No. 6332587
ECraven@perkinscoie.com
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
Telephone: 312.324.8400

Charles C. Sipos, *Pro Hac Vice*
CSipos@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: 206.359.8000

Attorneys for General Mills Sales, Inc.

## CERTIFICATE OF SERVICE

I, Emily R. Craven, certify that on March 8, 2023, at my direction the foregoing **DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system, which effected service on the following attorneys:

Attorneys for the Putative Class.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Emily R. Craven*
Emily R. Craven